UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUEL A. POLANCO-GARCIA,

    Plaintiff,

v.

SANTA ROSA MALL, LLC., BURLINGTON COAT FACTORY, LLC., CORDEX CONSTRUCTION, INC., MAX CARBON, FRAMA CONSTRUCTION COMPANY, INC., FRAMA BUILDERS INC., MAPFRE INSURANCE COMPANY, TRIPLE-S PROPIEDAD, INC.,

    Defendants.

PUERTO RICO DEPARTMENT OF LABOR,

    Interested Party.

Civil No. 12-1418 (JAF)

## **OPINION AND ORDER**

Miguel Polanco-García ("Polanco") fell off a scaffold allegedly without a safety harness while working on a remodeling project at the Burlington Coat Factory Store at Santa Rosa Mall in Bayamón. (Docket No. 34.)

Polanco was directly employed by an individual by the name of Mark Carbon. Polanco came to work as part of Mark Carbon's crew contracted by Cordex Construction Inc. ("Cordex"), which, in turn, had been contracted to remodel the store by Frama Builders, Inc. (Docket No. 34.) Whether there are two Frama corporations or not is

immaterial. For our purposes, we treat Frama as one. Pursuant to the Puerto Rico Workmen's Accident Compensation Act, 11 LPRA § 1 et seq., and the applicable case law, all contractors had to be either insured employers or statutory employers of Polanco in order to get the benefit of immunity from suit under the Puerto Rico Workmen's Accident Compensation Act, 11 LPRA § 21. Mark Carbon was not insured, but Cordex was, and its policy included by reference the Frama construction companies. Therefore, Cordex is an insured employer and Frama, Burlington, and the Santa Rosa Mall benefit from Cordex's immunity as statutory employers of Polanco. See Carlos Martínez Rodríguez v. Bristol Myers Barceloneta, Inc., 147 D.P.R. 383 (1999).

Two issues are before us at the present. One is jurisdictional and the other relates to the interpretation of the immunity protection under the Puerto Rico Workmen's Accident Compensation Act ("PRWACA") and the different entities involved in the remodeling.

## I.

## **Diversity Jurisdiction**

We find that diversity exists between Polanco, a Dominican national, and the defendants. 28 U.S.C. §1332(a)(2), provides for jurisdiction between,

> [c]itizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. §1332(a)(2). It is undisputed that, although Polanco had been living in Puerto Rico for seven years at the time he filed this action, he was not a United States citizen. (Docket No. 31 at 2.)

The First Circuit has not addressed the issue of long-term, non-legal residents. However, the courts that have addressed this issue have found that unlawful long-term residents are diverse for the purpose of federal jurisdiction. See <u>Foy v. Schantz, Schatzman & Aaronson, P.A.</u>, 108 F.3d 1347, 1349 (11th Cir. 1997); <u>Tevdorachvili v. Chase Manhattan Bank</u>, 103 F.Supp.2d 632, 637 (E.D.N.Y. 2000). It is undisputed that Polanco was a citizen of the Dominican Republic and not of the United States. (Docket No. 31.) Therefore, Polanco is not a "citizen" of Puerto Rico for jurisdictional purposes, and diversity exists.

## II.

## Immunity Considerations under PRWACA

After the accident, Polanco was taken to the Puerto Rico Industrial Hospital, sponsored by the Puerto Rico Workmen's Compensation statute, for treatment as an employee covered by the PRWACA. At the Industrial Hospital, because of Polanco's illegal immigration status as a citizen of the Dominican Republic, he was told that the hospital would have to report his illegal alien status to authorities. Polanco refused treatment and visited on his own the Puerto Rico Medical Center seeking treatment for an accident, not work related. (Docket No. 34.) Polanco claims damages for negligence under the Puerto Rico Civil Code, Section 1802, 31 LPRA § 5141, against defendants. (Docket No 1.)

Generally, in cases of damage caused by fault or negligence, the Puerto Rico Civil Code provides that:

> A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity.

31 LPRA § 5141. However, this cause of action does not encompass the right to compensation in a labor accident. Rivera v. Industrial Commission, 67 D.P.R. 526 (1947). Instead, the Work-Related Accidents Act establishes a system of mandatory insurance so that "[w]orkers, to a certain extent, waive their right to sue their employer in exchange for a benefit which could eventually be smaller, but which is reliable, immediate and certain." 11 L.P.R.A. § 1a; See Soc. De Gananciales v. Royal Bank de P.R., 145 D.P.R. 178 (1998). The "exclusivity of the remedy provided by the PRWACA is absolute provided the employer is insured," regardless of the degree of negligence attributable to his employer. Feliciano Rolon v. Ortho Biologics, F.Supp.2d 409, 414 (D.P.R. 2005) (citing Hernandez Sanchez v. Bermudez & Longo, 149 D.P.R. 543 (1999).

In this case, Cordex (the contractor) paid for an insurance policy that lasted from February 18, 2011, to December 31, 2011, and covered fifteen employees at the Santa Rosa Mall location. (Docket No. 94-3.) The accident occurred on June 2, 2011. (Docket No. 34 at 2.) Therefore, Polanco should have been covered and received his exclusive remedy from this insurance policy. Although the parties have not made available the State Insurance Fund accident report, it is obvious that one issued. Otherwise, the Industrial Hospital would not have opened its doors to Plaintiff, as it did. However, even

if the employer does not report the accident, the law imposes an obligation on the worker to report it to the State Insurance Fund within five days. Santos et al. v. Lederle, 153 D.P.R. 812, 825-26 (2001). Therefore, Polanco's legal right was not to sue his employers in federal court but, rather, to receive accident-related treatment at the State Insurance Fund, all employers and statutory employers remaining immune from suit.

The entities that hired Cordex either directly or indirectly, namely Frama, Burlington, and Santa Rosa Mall, are statutory employers, and are immune from liability because their contractor, Cordex, carried worker's compensation insurance. See Carlos Martínez Rodríguez v. Bristol Myers Barceloneta, Inc., 147 D.P.R. 383 (1999).

However, Carbon did not purchase a policy with the State Insurance Fund. (Docket No. 136.) State law is unclear about whether immunity from suit travels down to subcontractors. The Puerto Rico Supreme Court has stated that "the Act does not require two policies instead of one," but the court was speaking of immunity traveling up from the subcontractor to the contractor. Héctor Lugo Sánchez v. Puerto Rico Water Resources Authority (A.F.F.), 105 D.P.R. 861, 5 P.R. Offic. Transl. 1198, 1206 (1977). Because we are unable to find a statement by the Puerto Rico Supreme Court that immunity travels down to the subcontractor, we find that Max Carbon is not immune from suit. Therefore, he is the only defendant who remains liable.

### III.

### Conclusion

For the foregoing reasons, we declare Santa Rosa Mall, Burlington, Frama, and Cordex employers or statutory employers of Polanco and, therefore, immune from suit

under PRWACA.  We find that the Puerto Rico Department of Labor is not a party to adversarial proceedings, but was merely subpoenaed for documents.  (Docket No. 46.)

Since we have found no case law, or have been cited any, granting an entity situated in the shoes of Mark Carbon, an uninsured employer, benefits under the workmen's compensation policies above him, we retain the case of <u>Polanco v. Mark Carbon</u> for further disposition.

Partial Judgment will enter dismissing the complaint against Santa Rosa Mall, Burlington Coat Factory, Frama, and Cordex on worker's compensation immunity grounds.  Judgment will also enter to terminate the Puerto Rico Department of Labor as a party.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of February, 2014.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE