UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUEL A. POLANCO-GARCIA,

    Plaintiff,

v.

SANTA ROSA MALL, LLC., et al.,

    Defendants.

Civil No. 12-1418 (JAF)

## **OPINION AND ORDER**

Plaintiff Miguel Polanco-García ("Polanco") filed suit against Defendants Santa Rosa Mall, LLC.; Burlington Coat Factory, LLC ("Burlington"); Max Carbon (later corrected to "Mark Carbon" and hereinafter "Carbon"); Frama Construction Company, Inc., and Frama Builders, Inc. ("Frama"); MAPFRE Insurance Company; Triple-S Propiedad, Inc.; and the Puerto Rico Department of Labor after suffering a workplace accident. (Docket No. 1.) We previously declared Santa Rosa Mall, Burlington, Frama, and Cordex as immune from suit as statutory employers under PRWACA. We also relieved the Puerto Rico Department of Labor of liability when they stated that they were not a party to adversarial proceedings. (Docket No. 148.)

Carbon comes before the court with a motion for reconsideration (Docket No. 159.) For the reasons below, we grant his motion. Polanco comes before the court with a motion to set aside our previous judgment. (Docket No. 160.) For the reasons below, we deny Polanco's motion.

# I.

## **Background**

Polanco fell off a scaffold allegedly without a safety harness while working on a remodeling project at the Burlington Coat Factory Store at Santa Rosa Mall in Bayamón. (Docket No. 34.) Polanco was directly employed by Carbon. Carbon was the subcontractor on the project, under Cordex, which was retained by Frama. (Docket No. 34.)

After his fall, Polanco was taken to Hospital Industrial, the hospital for workers who are injured on the job. (Docket No. 62-2.) The Industrial Hospital is part of the no-fault workmen's accident compensation fund. See gen. 11 LPRA § 1 et seq. Polanco alleges that Carbon, Luis Córdova, and the foreman told him that he could not stay in the hospital because he did not have any papers (meaning immigration-status documents) and that the Industrial Hospital would be transferring him to the area hospital, the Puerto Rico Medical Center. He alleges they told him that if he stayed at the Industrial Hospital he would be deported, since he did not have any papers. (Docket No. 55 at 12-13.) He also alleges that they told him to say the accident occurred at his home so that he would not be reported to immigration authorities. (Docket No. 55 at 13-14.) In Polanco's medical records, it shows that he indeed told the Industrial Hospital doctor that he fell at home rather than at work. (Docket No. 62-2 at 4.)

Pursuant to the Puerto Rico Workmen's Accident Compensation Act (PRWACA), 11 LPRA § 1 et seq., and the applicable case law, all contractors need to be either insured employers or statutory employers of Polanco in order to get the benefit of immunity from suit under the PRWACA, 11 LPRA § 21. Carbon was not insured, but Cordex had taken out a policy that ran from February 2011 to December 2011, and its policy included by reference

1   the Frama construction companies. (Docket No. 94-3.) Cordex made a payroll declaration
2   of $140,100 and paid the premium. (Docket Nos. 94-3, 160-2.) Upon completion of the
3   project, the State Insurance Fund decided to audit Cordex. They decided that Cordex had
4   underpaid because of the amount of change orders, and assessed a difference of $43,668.06
5   in the payroll. (Docket No. 160-2.) The shortfall for the adjusted premium was paid and the
6   State Insurance Fund closed the case in December 2011 as in compliance post-audit.
7   (Docket No. 94-6.)

8   On February 10, 2014, we dismissed Polanco's complaint against Santa Rosa Mall,
9   Burlington, Frama, and Cordex on the grounds that they were employers or statutory
10  employers of Polanco and, therefore, immune from suit under the PRWACA. (Docket Nos.
11  148, 157.) We retained Carbon in the case, because we were "unable to find a statement by
12  the Puerto Rico Supreme Court that immunity travels down to the subcontractor." (Docket
13  No. 148 at 5.)

14  On February 20, 2014, Carbon filed a motion for reconsideration. (Docket No. 159.)
15  The same day, Polanco filed a motion to set aside our judgment under Federal Rules of Civil
16  Procedure 59(e) and 60(b)(6). On March 14, 2014, Cordex filed its opposition to Polanco's
17  motion. (Docket No. 169.) Polanco replied on March 28, 2014. (Docket No. 173.) For the
18  reasons below, we grant Carbon's motion and deny Polanco's motion.

19                                              **II.**

20                            **Carbon's Motion for Reconsideration**

21  Carbon submits the case of Viuda de Costas v. P.R. Olefins, 107 D.P.R. 782, 7 P.R.
22  Offic. Trans. 854 (1978), which states that:

> The purpose of this obligation is to see that said employees are insured, regardless of the fact that the insurance policy be paid by the contractor or subcontractor, or in its stead, by the principal or owner of the work. The payment of said policy by either the contractor, subcontractor, principal, or owner of the work, grants immunity to all employers in actions for damages filed by their employees or by the Fund.

Viuda, 107 D.P.R. at 856. Given this case law, we find that immunity does indeed travel down to the subcontractor. Therefore, Carbon is covered by the same immunity enjoyed by Cordex.

### III.

### Polanco's Motion to Set Aside Judgment

Polanco argues that we should set aside or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). Rule 59(e) states that the motion to alter or amend a judgment must be filed within twenty-eight days of the entry of judgment. FED. R. CIV. PRO. 59(e). Polanco met this timeline. (See Docket No. 159.) Rule 60(b)(6) states that the court may relieve a party from judgment for "any other reason that justifies relief." FED. R. CIV. PRO. 60(b)(6).

Polanco argues that we should relieve him from judgment because our order is "contrary to the applicable law namely the Workmen's Accident Compensation Act (WACA) and its interpretation done by the Puerto Rico Supreme Court." (Docket No. 160 at 2.) He brings to our attention a Puerto Rico Supreme Court case, Manuel López Pons v. Corporation of the State Insurance Fund, 146 DPR 778, 98 TSPR 135 (1998). This case states in part that if an employer fails to file his payroll statement with the fund manager on or before July 20 of each year, the employer will be considered uninsured. López Pons, 146 DPR at 786. However, that is inapplicable in this case because Cordex did file a payroll

statement in order to secure a policy. (Docket No. 160-2.) Cordex was insured – the fact that the audit revealed a larger premium obligation due to change orders does not affect the coverage as long as they paid the difference, which they did. (See Docket No. 94-6.) The case of López Pons does not decide that under this set of facts there is no coverage. López Pons decided only that in cases where there is no declaration at all, there is a consequence, *ie*, no coverage. See López Pons, 146 DPR at 786.

The certificate issued by the Department of Treasury (Docket No. 171-2) is irrelevant on the issue of State Insurance Fund coverage. It attests to the fact that Polanco does not appear in Treasury records as having received taxable income from the Burlington project. Perhaps Polanco did not file income tax returns or Treasury could not tie Polanco as an undocumented immigrant to a name and a Social Security number. It is irrelevant, because State Insurance Fund compliance has nothing to do with other obligations to the Commonwealth by a citizen or even by an employer regarding income tax laws.

The record as it stands fails to establish that this is a case of an uninsured employer. In all cases of State Insurance Fund coverage, an audit can be made. We do not read the law as stating that a short declaration of payroll, later audited, accounted for, and paid, equates to uninsured status.

Although there is no remedy available in federal court, it does appear that Polanco can seek remedies outside our jurisdiction. The Workmen's Accident Compensation Act states that,

> Within five days after an accident occurs, the employer shall file a written report with the Administrator of the State Insurance Fund Corporation in forms furnished by him/her….Those employers who refuse or neglect to make the reports required by this section shall be sanctioned by the Court of First Instance,

Superior Part, with a fine not to exceed five thousand dollars ($5,000).

11 LPRA § 14. It does not appear that a report was filed. (See Docket No. 163-3.) However, as we have stated, this issue is not within our jurisdiction to decide. We only find that the employers in this case were all insured, and that Polanco, therefore, lacks a cause of action for a federal suit. His only remedy for a work-related accident is PRWACA. Polanco should face that reality and try to obtain relief in that administrative forum, the Puerto Rico State Insurance Fund.

## IV.

## Conclusion

For the foregoing reasons, we **GRANT** Carbon's motion for reconsideration (Docket No. 159), and **DENY** Polanco's motion to set aside our previous judgment (Docket No. 160). Judgment shall be entered dismissing the present case.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of April, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE